1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9                 EASTERN DISTRICT OF CALIFORNIA

10

11  FREDDIE J. GRAYSON,                )    1:09-cv-01210-JLT HC
                                       )
12                  Petitioner,        )    ORDER TO SHOW CAUSE WHY THE
                                       )    PETITION SHOULD NOT BE DISMISSED
13         v.                          )    FOR VIOLATION OF THE ONE-YEAR
                                       )    STATUTE OF LIMITATIONS
14                                     )
    DARREL G. ADAMS,                   )    ORDER REQUIRING RESPONSE TO BE
15                                     )    FILED WITHIN THIRTY DAYS
                    Respondent.        )
16  _____ )

17

18                      **PROCEDURAL HISTORY**

19  _____Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

20  pursuant to 28 U.S.C. § 2254.   A preliminary review of the Petition, however, reveals that the

21  petition may be untimely and should therefore be dismissed.

22                         **DISCUSSION**

23      A.  Preliminary Review of Petition

24         Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition

25  if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is

26  not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

27  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

28  habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

                                       1

dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond.  260 F.3d at 1041-42.   By this Order to Show Cause, the Court is providing Petitioner with an opportunity to respond to the Court's concern regarding the timeliness of the petition prior to outright dismissal of the petition itself.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on July 8,  2009,[1] and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk.  Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988).  The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his."  Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382.  The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA.  Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), *amended* May 23, 2001, *vacated and remanded on other grounds sub nom.* Carey v. Saffold, 536 U.S. 214, 226 (2002). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule.  Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th cir. 2003).  Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation.  Petitioner signed the instant petition on July 8, 2009.  (Doc. 1, p. 7).

1    review or the expiration of the time for seeking such review;

2            (B) the date on which the impediment to filing an application created by
3    State action in violation of the Constitution or laws of the United States is removed, if
     the applicant was prevented from filing by such State action;

4            (C) the date on which the constitutional right asserted was initially recognized by
     the Supreme Court, if the right has been newly recognized by the Supreme Court and made
5    retroactively applicable to cases on collateral review; or

6            (D) the date on which the factual predicate of the claim or claims presented
     could have been discovered through the exercise of due diligence.

7
        (2) The time during which a properly filed application for State post-conviction or
8    other collateral review with respect to the pertinent judgment or claim is pending shall
     not be counted toward any period of limitation under this subsection.

9

10   28 U.S.C. § 2244(d).

11           In most cases, the limitation period begins running on the date that the petitioner's direct

12   review became final.  Here, the Petitioner was convicted on October 13, 1997, in the Superior Court

13   for the County of Stanislaus.  (Doc. 1, p. 1).  Subsequently, Petitioner appealed his conviction, which

14   included filing a Petition for Review in the California Supreme Court that was denied by that court

15   on March 9, 1999, in case no. S076219.  (Id., p. 2).   Thus, direct review would have concluded on

16   June 7, 1999, when the ninety-day period for seeking review in the United States Supreme Court

17   expired.  Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th

18   Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998).  Petitioner would then have one

19   year from the following day, June 8, 1999, or until June 7, 2000, absent applicable tolling, within

20   which to file his federal petition for writ of habeas corpus.   As discussed above, Petitioner did not

21   file the instant petition until July 8, 2009, over nine years *after* the one-year period would have

22   expired.  Accordingly, unless Petitioner is entitled to some for of statutory or equitable tolling, the

23   petition is untimely and should be dismissed.

24           Although Petitioner does not expressly address the issue of timeliness in his petition, the

25   Court infers that Petitioner believes his petition to be timely because his fourth claim for relief is

26   premised upon Cunningham v. California, 549 U.S. 270, 127 S.Ct. 856 (2007).  Petitioner would be

27

28

3

1   incorrect in such a belief.[2]

2   As indicated above, the one-year limitation period commences on the latest of one of the

3   four dates set forth in § 2244(d)(1).  Normally, that date would be the date the petitioner's conviction

4   became final.  § 2244(d)(1)(A).  However, the statute of limitations may also commence upon the

5   removal of an "impediment to filing an application created by State action in violation of the

6   Constitution or laws of the United States."   § 2244(d)(1)(B).   The record does not suggest, and

7   Petitioner does not contend, that any such impediment ever existed or that it was subsequently

8   removed.  Accordingly, that date is inapplicable.

9   Nor does § 2244(d)(1)(D) provide a later accrual date for the commencement of the statute of

10  limitations.  Under § 2244(d)(1)(D), "[t]ime begins when the prisoner knows (or through diligence

11  could discover) the important facts, not when the prisoner recognizes their legal significance."

12  Hasan v. Galaza, 254 F.3d 1150, 1154, n. 3 (9th Cir. 2001); see United States v. Pollard, 416 F.3d 48,

13  55 (D.D.C. 2005)(habeas petitioner's alleged "ignorance of the law until an illuminating

14  conversation with an attorney or fellow prisoner" does not satisfy the requirements of section

15  2244(d)(1)(D)).  Here, Petitioner plainly knew, or should have known, at the time of his original

16  sentencing by the trial court, the "important fact[s]" on which he would base his Cunningham claim,

17  i.e., that the sentence-enhancements used to extend his sentence were based in part upon facts not

18  submitted to a jury nor proven beyond a reasonable doubt.  The running of the statute of limitations

19  does not await illuminating advice, legal research, or the issuance of judicial decisions that help

20  would-be petitioners to recognize the legal significance of particular predicate facts.  See  Pollard,

21  416 F.3d at 55.

22  Finally, § 2244(d)(1)(C) provides that the one-year period may commence from "the date on

23  which the constitutional right asserted was initially recognized by the Supreme Court, if the right has

24  been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral

25  review...."  Presumably, Petitioner would implicitly contend that this date applies by virtue of the

26

27  _____

    [2]Petitioner provides no explanation for why his other three claims were so tardily filed, and the Court will not
28  speculate on the reasons for such a delay.

4

1    Supreme Court's 2007 decision in <u>Cunningham</u> that California's Determinate Sentencing Law

2    ("DSL")  was unconstitutional.

3         Section 2244(d)(1)(C), however, is inapplicable to <u>Cunningham</u> because the United States

4    Supreme Court has not held that <u>Cunningham</u> constitutes both (1)  a new rule and (2) a rule

5    retroactively applicable to cases on collateral review.  To the contrary, the Ninth Circuit, in <u>Butler v.</u>

6    <u>Curry</u>, 528 F.3d 624, 633-639 (9th Cir. 2008), held that <u>Cunningham</u> did *not* announce a new rule.  In

7    <u>Butler,</u> the Ninth Circuit clarified that the <u>Cunningham</u> decision, striking down California's

8    determinate sentencing law, was compelled by <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), such

9    that the decision as to whether a petitioner's constitutional rights herein were violated rests, as a

10   threshold matter, on whether or not his conviction became final before <u>Blakely</u>, not <u>Cunningham</u>,

11   was decided.  Citing <u>Teague v. Lane</u>, 489 U.S. 288, 306, 109 S.Ct. 1060 (1989), the Ninth Circuit

12   panel stated as follows:

13        <u>Apprendi</u>,[3] <u>Blakely</u>,[4] and <u>Booker</u>[5] made "courts throughout the land" aware that sentencing
          schemes that raise the maximum possible term based on facts not found by a jury violate the
14        constitutional rights of defendants. [<u>Cunningham</u>, <u>supra</u>,] at 306. No principles of comity or
          federalism would be served by refusing to apply this rule to functionally indistinguishable
15        state sentencing schemes on collateral review. <u>Cunningham</u> thus *did not announce a new rule
          of constitutional law and may be applied retroactively on collateral review*.

16

17   <u>Butler</u>, <u>supra</u>, at 639. (Emphasis supplied).

18        <u>Apprendi</u>, <u>Blakely</u>, and <u>Booker</u> have been determined to be new rules, but not retroactive on

19   collateral review, thereby not satisfying the second requirement.[6]  <u>Cunningham</u> has now been

20

21        [3]<u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S.Ct. 2348 (2000), held that other than the fact of a prior conviction,
22   any fact increasing the penalty for a crime beyond the statutory maximum must be submitted to a jury and proven beyond
     a reasonable doubt.

23        [4]<u>Blakely</u> held that the relevant statutory sentencing maximum is the maximum sentence a judge may impose soley
24   based on the facts reflected in the jury's verdict or admitted by defendant.

25        [5]<u>United States v. Booker</u>, 543 U.S. 220, 125 S.Ct. 738 (2005), in addressing the constitutionality of the federal
     sentencing guidelines, held that if a fact necessarily results in a mandated higher sentence, the fact must be admitted by the
26   defendant or found by the jury.

27        [6]<u>See</u> <u>Cooper-Smith v. Palmateer</u>, 397 F.3d 1236, 1246 (9th Cir. 2005)(<u>Apprendi</u> not retroactive); <u>U.S. v. Sanchez-</u>
     <u>Cervantes</u>, 282 F.3d 664, 671 (9th Cir. 2002)(same); <u>Schardt v. Payne</u>, 414 F.3d 1025, 1033-1038 (9th Cir. 2005)(<u>Blakely</u> not
28   retroactive); <u>U.S. v. Cruz</u>, 423 F.3d 1119 (9th Cir. 2005)(<u>Booker</u> not retroactive).

1    determined by the Ninth Circuit to apply retroactively to cases on collateral review, but is not a new

2    rule, thereby not satisfying the first requirement.  Butler, 528 F.3d at 639.  Hence, contrary to

3    Petitioner's implicit contention, the alternative start date contained in subsection (C) for the one-year

4    limitation period in Petitioner's case is not implicated by any of the applicable federal case law.

5           Accordingly, the commencement of the statute of limitations here is governed by the "usual"

6    starting date contained in subsection (A).  This conclusion is consistent with the great majority of

7    federal district courts in this circuit who have addressed this issue.  E.g., Martinez v. Hedgepeth,

8    2008 WL 3154689, at *4 (E.D. Cal. Aug. 4, 2008)(because Cunningham was not a new rule,

9    subsection C is inapplicable); Thomas v. Yates, 2008 WL 4177608, at *2 (E.D. Cal. Sept. 4,

10   2008)(same); Bell v. Adams, 2008 WL 4722564, at *3 (C.D. Cal. Oct. 23, 2008)(same); Collett v.

11   Salazar, 2008 WL 4601463, at *2 (C.D. Cal. Oct. 14, 2008)(same); Taylor v. Vasquez, 2008 WL

12   23022, at *2-3 (C.D. Cal. Oct. 21, 2008)(same); Schuller v. Horel, 2008 WL 3914171, at *1 n.2

13   (C.D. Cal. Aug. 25, 2008)(same); Pimental v. Almager, 2008 WL 2757075, at *3 (C.D. Cal. July 14,

14   2008)(same).[7]

15          As discussed above, using subsection (C) as the starting date inexorably leads to a conclusion

16   that the instant petition was filed nine years *after* the one-year period expired.  Thus, unless

17   Petitioner is entitled to equitable tolling sufficient to account for the nine-year delay, the petition is

18   untimely and should be dismissed.

19          C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

20          Under the AEDPA, the statute of limitations is tolled during the time that a  properly filed

21   application for state post-conviction or other collateral review is pending in state court.  28 U.S.C.

22   § 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules

23   governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531

24   U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California

25   petitioner completes a full round of [state] collateral review," so long as there is no unreasonable

26   delay in the intervals between a lower court decision and the filing of a petition in a higher court.

27

28          [7]The Court has been unable to find a district court case that reaches a different conclusion than those cited herein.

Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); see Evans v. Chavis,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold, 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed.  For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time.  Nino, 183 F.3d at 1006-1007.  Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition.  Id. at 1007.   In addition, the limitation period is not tolled during the time that a federal habeas petition is pending.  Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002).  Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.");  Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims.  See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

Here, Petitioner alleges that in July 2008 he filed a state habeas petition challenging the legality of his sentence under Cunningham, that was denied on September 2, 2008.  (Doc. 1, pp. 13; 34).  Thereafter, Petitioner filed a habeas petition in the California Court of Appeal, Fifth Appellate District, on September 23, 2008, that was denied on October 3, 2008.  (Id., p. 36).  Finally, Petitioner filed a habeas petition in the California Supreme Court on November 12, 2008, that was denied on May 13, 2009.  (Id., pp. 14; 39).

Even assuming, without deciding, that these three state habeas petitions were "properly filed" within the meaning of the AEDPA, thus entitling Petitioner to statutory tolling of the one-year period

7

1  during the pendency of those proceedings, a petitioner is <u>not</u> entitled to tolling where, as here, the

2  limitations period has *already run* prior to filing the state habeas petition.  <u>Green v. White</u>, 223 F.3d

3  1001, 1003 (9th Cir. 2000); <u>Jiminez v. Rice</u>, 276 F.3d 478 (9th Cir. 2001);  <u>see</u> <u>Webster v. Moore</u>, 199

4  F.3d 1256, 1259 (11th Cir. 2000)(same); <u>Ferguson v. Palmateer</u>, 321 F.3d 820 (9th Cir. 2003)("section

5  2244(d) does not permit the reinitiation of the limitations period that has ended before the state

6  petition was filed."); <u>Jackson v. Dormire</u>, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to

7  exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period).

8  As mentioned, the limitations period expired on June 7, 2000, more than eight years *before* Petitioner

9  filed his first state habeas petition.  Accordingly, he cannot avail himself of the statutory tolling

10 provisions of the AEDPA.

11      D.  Equitable Tolling

12      The limitation period is subject to equitable tolling when "extraordinary circumstances

13 beyond a prisoner's control make it impossible to file the petition on time."  <u>Shannon v. Newland</u>,

14 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted).  "When

15 external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely

16 claim, equitable tolling of the statute of limitations may be appropriate."  <u>Miles v. Prunty</u>, 187 F.3d

17 1104, 1107 (9th Cir. 1999).  "Generally, a litigant seeking equitable tolling bears the burden of

18 establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some

19 extraordinary circumstance stood in his way."  <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418, 125 S. Ct.

20 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest

21 the exceptions swallow the rule."  <u>Miranda v. Castro</u>, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation

22 omitted).  As a consequence, "equitable tolling is unavailable in most cases."  <u>Miles</u>, 187 F. 3d at

23 1107.

24      Here, Petitioner has not alleged any entitlement to equitable tolling and, based on the record

25 now before the Court, the Court perceives no basis for equitable tolling.  However, Petitioner will be

26 permitted to respond to the Order to Show Cause and to address the Court's concern regarding the

27 timeliness of the petition.  If Petitioner fails to provide satisfactory reasons for the apparent

28 untimeliness of the petition, the petition may be dismissed.

## ORDER

Accordingly, the Court HEREBY ORDERS as follows:

1.  Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service of this Order why the Petition should not be dismissed for violation of the one-year statute of limitations in 28 U.S.C. § 2244(d).

Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the Petition be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

Dated:   **January 5, 2010**                                    **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE