UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDDIE J. GRAYSON,<br><br>          Petitioner,<br><br>   v.<br><br>DARREL G. ADAMS,<br><br>          Respondent. | 1:09-cv-01210-JLT HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR VIOLATION OF THE ONE-YEAR STATUTE OF LIMITATIONS (Doc. 1)<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE FILE<br><br>ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant petition was filed on July 8, 2009.[1] (Doc. 1). On January 6, 2010, after a preliminary review of the Petition revealed that the petition may be untimely and

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), *amended* May 23, 2001, *vacated and remanded on other grounds sub nom*. Carey v. Saffold, 536 U.S. 214, 226 (2002). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th cir. 2003). Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation. Petitioner signed the instant petition on July 8, 2009. (Doc. 1, p. 7).

1

should therefore be dismissed, the Court issued an Order to Show Cause requiring Petitioner to file a response within thirty days explaining why the petition should not be dismissed as untimely.  (Doc. 7).  On January 27, 2010, Petitioner filed his response and a supporting affidavit.  (Docs. 8 & 9).  After reviewing Petitioner's response, the Court concludes that the petition is untimely.

On July 23, 2009, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes.  (Doc. 4).

## DISCUSSION

A.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ."  Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond.  260 F.3d at 1041-42.   By issuing the January 6, 2010 Order to Show Cause, the Court provided Petitioner with the opportunity to respond required by the Ninth Circuit.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  As mentioned, the instant petition was filed on July 8,  2009, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal

1  petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d)
2  reads:

>    (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>       (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>       (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>       (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>       (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins to run on the date that the petitioner's direct review became final. Here, the Petitioner was convicted on October 13, 1997, in the Superior Court for the County of Stanislaus. (Doc. 1, p. 1). Subsequently, Petitioner appealed his conviction, which included filing a Petition for Review in the California Supreme Court that was denied by that court on March 9, 1999, in case no. S076219. (Id., p. 2). Thus, direct review would have concluded on June 7, 1999, when the ninety-day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner would then have one year from the following day, June 8, 1999, or until June 7, 2000, absent applicable tolling, within which to file his federal petition for writ of habeas corpus. As discussed above, Petitioner did not file the instant petition until July 8, 2009, over nine years *after* the one-year period would have expired. Accordingly, unless Petitioner is entitled to some for of statutory or equitable tolling, the petition is untimely and should be dismissed.

Although Petitioner did not expressly address the issue of timeliness in his petition, he

3

directly addresses it in his response to the Order to Show Cause.  In the response, Petitioner maintains that he was unaware of the fact that the two 1993 convictions used to enhance his sentence were first degree robbery and attempted first degree robbery convictions.  Petitioner maintains that he was convicted only of second degree robbery and attempted second degree robbery.  Petitioner further maintains, through his "jailhouse lawyer," that he did not discover this discrepancy until 2008, when the jailhouse lawyer reviewed Petitioner's files.  (Doc. 9, p. 1).

As indicated above, the one-year limitation period commences on the latest of one of the four dates set forth in § 2244(d)(1).  Normally, that date would be the date the petitioner's conviction became final.  § 2244(d)(1)(A).  However, the statute of limitations may also commence upon the removal of an "impediment to filing an application created by State action in violation of the Constitution or laws of the United States."  § 2244(d)(1)(B).   The record does not suggest, and Petitioner does not contend, that any such impediment ever existed or that it was subsequently removed.  Accordingly, that date is inapplicable.

Nor does § 2244(d)(1)(D) provide a later accrual date for the commencement of the statute of limitations.  Under § 2244(d)(1)(D), "[t]ime begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance" or appreciates the legal theories available to him.  Hasan v. Galaza, 254 F.3d 1150, 1154, n. 3 (9th Cir. 2001)(*quoting* Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000); see United States v. Pollard, 416 F.3d 48, 55 (D.D.C. 2005)(habeas petitioner's alleged "ignorance of the law until an illuminating conversation with an attorney or fellow prisoner" does not satisfy the requirements of section 2244(d)(1)(D)).  Put simply, it is not necessary for a petitioner to understand the legal significance of the facts; rather, the clock starts when a petitioner understands the facts themselves.  Hasan, 254 F.3d at 1154 fn. 3; Owens, 235 F.3d at 359 ("Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognized their legal significance.")  Due diligence does not require "the maximum feasible diligence," but it does require reasonable diligence in the circumstances. Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004)(*quoting* Moore v. Knight, 368 F.3d 936, 940 (7th Cir. 2004); see Wims v. United States, 225 F.3d 186, 190, fn. 4 (2d Cir. 2000).

Here, Petitioner plainly knew, or should have known, through the exercise of reasonable diligence, at the time of his original sentencing by the trial court, the "important fact[s]" on which he would later seek to base his claim, i.e., that the 1993 convictions used as enhancements by the trial court in 1997 were for first degree robbery despite the fact that Petitioner claims he was actually convicted in 1993 of second degree robbery and attempted second degree robbery.

Petitioner was present and represented by counsel at both the 1993 and 1997 proceedings. The Court presumes Petitioner had actual knowledge at those sentencing hearings of the crimes for which he was being convicted as well as his own prior convictions that might be used as enhancements. Reasonable diligence would require no less. Any reasonably diligent criminal defendant would have inquired into the nature of any charges on which he was being convicted. Similarly, reasonable diligence would require that the criminal defendant be aware of or inquire into the nature and date of any alleged prior convictions used to enhance his sentence. If Petitioner did not have actual knowledge of the nature and dates of the prior convictions used at sentencing, nevertheless he knew or should have known such information. Petitioner cannot now take advantage of his own lack of curiosity, or simple indifference, about the serious convictions used at his own trial, by waiting nine years and then raise such claims in a federal petition. The running of the statute of limitations does not await illuminating advice, legal research, or the issuance of judicial decisions that help would-be petitioners to recognize the legal significance of particular predicate facts. See Pollard, 416 F.3d at 55.

To the extent that Petitioner believes his petition to be timely because his fourth claim for relief is premised upon Cunningham v. California, 549 U.S. 270, 127 S.Ct. 856 (2007), again Petitioner would be mistaken. Section 2244(d)(1)(C) provides that the one-year period may commence from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review...." Presumably, Petitioner would implicitly contend that this date applies by virtue of the Supreme Court's 2007 decision in Cunningham that California's Determinate Sentencing Law ("DSL") was unconstitutional.

Section 2244(d)(1)(C), however, is inapplicable to Cunningham because the United States

Supreme Court has not held that Cunningham constitutes both (1) a new rule and (2) a rule retroactively applicable to cases on collateral review. To the contrary, the Ninth Circuit, in Butler v. Curry, 528 F.3d 624, 633-639 (9th Cir. 2008), held that Cunningham did *not* announce a new rule. In Butler, the Ninth Circuit clarified that the Cunningham decision, striking down California's determinate sentencing law, was compelled by Blakely v. Washington, 542 U.S. 296 (2004), such that the decision as to whether a petitioner's constitutional rights herein were violated rests, as a threshold matter, on whether or not his conviction became final before Blakely, not Cunningham, was decided. Citing Teague v. Lane, 489 U.S. 288, 306, 109 S.Ct. 1060 (1989), the Ninth Circuit panel stated as follows:

> Apprendi,[2] Blakely,[3] and Booker[4] made "courts throughout the land" aware that sentencing schemes that raise the maximum possible term based on facts not found by a jury violate the constitutional rights of defendants. [Cunningham, supra,] at 306. No principles of comity or federalism would be served by refusing to apply this rule to functionally indistinguishable state sentencing schemes on collateral review. Cunningham thus *did not announce a new rule of constitutional law and may be applied retroactively on collateral review*.

Butler, supra, at 639. (Emphasis supplied).

Apprendi, Blakely, and Booker have been determined to be new rules, but not retroactive on collateral review, thereby not satisfying he second requirement.[5] Cunningham has now been determined by the Ninth Circuit to apply retroactively to cases on collateral review, but is not a new rule, thereby not satisfying the first requirement. Butler, 528 F.3d at 639. Hence, contrary to Petitioner's implicit contention, the alternative start date contained in subsection (C) for the one-year limitation period in Petitioner's case is not implicated by any of the applicable federal case law.

---

[2] Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000), held that other than the fact of a prior conviction, any fact increasing the penalty for a crime beyond the statutory maximum must be submitted to a jury and proven beyond a reasonable doubt.

[3] Blakely held that the relevant statutory sentencing maximum is the maximum sentence a judge may impose soley based on the facts reflected in the jury's verdict or admitted by defendant.

[4] United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005), in addressing the constitutionality of the federal sentencing guidelines, held that if a fact necessarily results in a mandated higher sentence, the fact must be admitted by the defendant or found by the jury.

[5] See Cooper-Smith v. Palmateer, 397 F.3d 1236, 1246 (9th Cir. 2005)(Apprendi not retroactive); U.S. v. Sanchez-Cervantes, 282 F.3d 664, 671 (9th Cir. 2002)(same); Schardt v. Payne, 414 F.3d 1025, 1033-1038 (9th Cir. 2005)(Blakely not retroactive); U.S. v. Cruz, 423 F.3d 1119 (9th Cir. 2005)(Booker not retroactive).

6

1    Accordingly, the commencement of the statute of limitations here is governed by the "usual"
2 starting date contained in subsection (A).  This conclusion is consistent with the great majority of
3 federal district courts in this circuit who have addressed this issue.  E.g., Martinez v. Hedgepeth,
4 2008 WL 3154689, at *4 (E.D. Cal. Aug. 4, 2008)(because Cunningham was not a new rule,
5 subsection C is inapplicable); Thomas v. Yates, 2008 WL 4177608, at *2 (E.D. Cal. Sept. 4,
6 2008)(same); Bell v. Adams, 2008 WL 4722564, at *3 (C.D. Cal. Oct. 23, 2008)(same); Collett v.
7 Salazar, 2008 WL 4601463, at *2 (C.D. Cal. Oct. 14, 2008)(same); Taylor v. Vasquez, 2008 WL
8 23022, at *2-3 (C.D. Cal. Oct. 21, 2008)(same); Schuller v. Horel, 2008 WL 3914171, at *1 n.2
9 (C.D. Cal. Aug. 25, 2008)(same); Pimental v. Almager, 2008 WL 2757075, at *3 (C.D. Cal. July 14,
10 2008)(same).[6]

11   As discussed above, using subsection (A) as the starting date inexorably leads to a conclusion
12 that the instant petition was filed nine years *after* the one-year period expired.  Thus, unless
13 Petitioner is entitled to equitable tolling sufficient to account for the nine-year delay, the petition is
14 untimely and should be dismissed.

15         C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

16   Under the AEDPA, the statute of limitations is tolled during the time that a  properly filed
17 application for state post-conviction or other collateral review is pending in state court.  28 U.S.C.
18 § 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules
19 governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531
20 U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California
21 petitioner completes a full round of [state] collateral review," so long as there is no unreasonable
22 delay in the intervals between a lower court decision and the filing of a petition in a higher court.
23 Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized
24 by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curiam)(internal quotation marks and citations
25 omitted); see Evans v. Chavis,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold,
26 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006
27 (9th Cir. 1999).

28

---

[6]The Court has been unable to find a district court case that reaches a different conclusion than those cited herein.

7

Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed. For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time. Nino, 183 F.3d at 1006-1007. Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition. Id. at 1007. In addition, the limitation period is not tolled during the time that a federal habeas petition is pending. Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002). Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001). Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims. See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

Here, Petitioner alleges that in July 2008 he filed a state habeas petition challenging the legality of his sentence under Cunningham, that was denied on September 2, 2008. (Doc. 1, pp. 13; 34). Thereafter, Petitioner filed a habeas petition in the California Court of Appeal, Fifth Appellate District, on September 23, 2008, that was denied on October 3, 2008. (Id., p. 36). Finally, Petitioner filed a habeas petition in the California Supreme Court on November 12, 2008, that was denied on May 13, 2009. (Id., pp. 14; 39).

Even assuming, without deciding, that these three state habeas petitions were "properly filed" within the meaning of the AEDPA, thus entitling Petitioner to statutory tolling of the one-year period during the pendency of those proceedings, a petitioner is not entitled to tolling where, as here, the limitations period has *already run* prior to filing the state habeas petition. Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001); see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to

exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period). As mentioned, the limitations period expired on June 7, 2000, more than eight years *before* Petitioner filed his first state habeas petition. Accordingly, he cannot avail himself of the statutory tolling provisions of the AEDPA.

### D.  Equitable Tolling

The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted). As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

Here, Petitioner implicitly alleges entitlement to equitable tolling based on his claim that he did not realize the true nature and legal significance of the 1993 convictions until 2008. A petitioner's ignorance of the law is not grounds for equitable tolling. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); see, e.g., Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate but insufficient to establish cause); Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999); Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir.1991). Petitioner's indigent status and limited legal knowledge is no different than the majority of incarcerated prisoners attempting to file petitions for writ of habeas corpus. Such circumstances are not extraordinary and do not justify equitable tolling. If limited resources and legal knowledge were an excuse for not complying with the limitations period Congress would have never enacted the AEDPA since most incarcerated prisoners have these same problems. Thus, the

limitations period will not be equitably tolled.

To the extent that Petitioner is claiming that his trial counsel's negligence at sentencing entitled him to equitable tolling, such a claim also fails. The Ninth Circuit has held that the miscalculation of the limitations period by a petitioner's counsel, *or his negligence in general*, do not constitute extraordinary circumstances sufficient to warrant equitable tolling. Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001).

Ultimately, the issue here is Petitioner's lack of diligence. Equitable tolling applies only where prisoner has diligently pursued claims, but has in some "extraordinary way" been prevented from asserting his rights. Thus, the Court must consider Petitioner's diligence in pursuing his claims. If Petitioner's claims are to be believed, he asks for relief from the AEDPA's statute of limitation because he was incarcerated for nine years before taking it upon himself, through his jailhouse lawyer, to look at the prior convictions used to enhance his sentence and, in the process, discovered that his sentence had been enhanced by convictions he claims not to have suffered. The Court finds Petitioner's allegations wholly incredible. He was at sentencing, represented by counsel, he had a direct appeal and appointed appellate counsel, he would have received, in the normal course of events after direct review was concluded, the full appellate file, including transcripts of the trial, sentencing, and relevant documents such as the abstract of judgment that contained the crimes for which he was convicted and sentenced. Moreover, Petitioner was also present and represented by counsel at the 1993 convictions and thus presumably was aware of the charges for which he was being convicted.

Petitioner had all of this information available to him for many years, but apparently did not bother to inspect his court documents, review them for potential problems, or appreciate the legal significance of the facts of which he had actual knowledge. The Court sees no way that such conduct can be construed as reasonable diligence in pursuing one's claims, nor does the Court find any "extraordinary" factors that prevented Petitioner from discovering these facts at least at the time of 1997 sentencing, or at the very latest, by the conclusion of his direct review in that case on June 7, 1999. Had Petitioner exercised even minimal diligence during that time period, he would undoubtedly have discovered the legal significance of the discrepancies he now alleges and could

easily have exhausted such a claim in state court and timely filed his federal petition.  A petitioner who fails to act diligently cannot invoke equitable principles to excuse his lack of diligence.  See Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984); see, also, Miles, 187 F.3d at 1107.  Accordingly, the Court finds no basis to accord Petitioner any equitable tolling.  Since the Petition is untimely after consideration of all available tolling provisions, the Court must dismiss the petition.

Moreover, the Court declines to issue a certificate of appealability.  The requirement that a petitioner seek a certificate of appealability is a gate-keeping mechanism that protects the Court of Appeals from having to devote resources to frivolous issues, while at the same time affording petitioners an opportunity to persuade the Court that, through full briefing and argument, the potential merit of claims may appear.  Lambright v. Stewart, 220 F.3d 1022, 1025 (9th Cir. 2000).  However, a state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003).  The controlling statute, 28 U.S.C. § 2253, provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>     (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>     (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

Accordingly, final orders issued by a federal district court in habeas corpus proceedings are reviewable by the circuit court of appeals, and, in order to have final orders reviewed, a petitioner must obtain a certificate of appealability.  28 U.S.C. § 2253.  This Court will issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right.

28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find it debatable that Petitioner has not shown an entitlement to federal habeas corpus relief. Therefore, the Court declines to issue a certificate of appealability.

## ORDER

Accordingly, the Court HEREBY ORDERS as follows:

1. The Petition for Writ of Habeas Corpus (Doc. 1), is DISMISSED as untimely;
2. The Clerk of the Court is DIRECTED to enter judgment and close the file.
3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **March 1, 2010**                                  **/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE